FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00847-BNB

BENJAMIN DAVIS,

      Plaintiff,

v.

THE GEO GROUP,
UNIT MANAGER RACHAEL HURT, and
HUDSON CORR FACILITY,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE FINAL AMENDED COMPLAINT

---

      Plaintiff, Benjamin Davis, is in the custody of the Alaska Department of

Corrections (ADOC) and is currently incarcerated at the Hudson Correctional Center in

Hudson, Colorado.  He initiated this action by filing a *pro se* Prisoner Complaint

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on April 1, 2011.  He filed an

Amended Complaint on May 9, 2011, and a Second Amended Complaint on May 25,

2011.  Mr. Davis has been granted leave to proceed *in forma pauperis* without

payment of an initial partial filing fee.

      The Court must construe the Second Amended Complaint liberally because

Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Second

Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff

could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Davis will be directed to file a final amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

Mr. Davis asserts three claims. In general, he alleges that Defendant Rachael Hurt forced him to move to a different prison unit, even though he warned her that conditions in that unit would be dangerous for him. Mr. Davis asserts that, in the new unit, he was assaulted by two inmates who stole his television and broke four of his ribs. Mr. Davis alleges that he has been placed in protective custody as a result, even though the inmates that assaulted him were not punished. Mr. Davis alleges that Ms. Hurt's failure to protect him from assault by other inmates violates his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection. Mr. Davis seeks damages in addition to injunctive relief.

The Court finds that Mr. Davis is suing improper parties. Mr. Davis may not sue the Hudson Correctional Facility. The State of Alaska and its entities, such as the Hudson Correctional Facility, are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*,

841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  Congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  Therefore, Defendant Hudson Correctional Facility is not a proper party to this action.

Further, Defendant The Geo Group is not a person for the purpose of a § 1983 action.  Therefore, Defendant The Geo Group is also not a proper party to this action.  Mr. Davis must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims.  Personal participation by the named defendants is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  *Id.*  Mr. Davis must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable merely because of his or her supervisor position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

3

Mr. Davis fails to assert how all named Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Davis may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Davis uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Benjamin Davis, file **within thirty (30) days from the date of this order** a final amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Davis, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

4

FURTHER ORDERED that, if Mr. Davis fails to file a final amended complaint that complies with this order to the Court's satisfaction within the time allowed, the second amended complaint and the action will be dismissed without further notice.

DATED June 22, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-00847-BNB

Benjamin Davis
Prisoner No.  152106
Hudson Corr. Center
3001 N. Juniper St.
Hudson, CO 80642

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on June 22, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk